**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

GRANT A. CARPENTER, as Special       )
Administrator of the Estate of Ricky  )
Wayne Franks, deceased,               )
                                      )
     Plaintiff,                      )
                                      )
v.                                    )     Case No. 25-cv-00153-SH
                                      )
CITY OF BARTLESVILLE,                 )
OKLAHOMA; and BRAXTON                 )
BOWERS,                               )
                                      )
     Defendants.[1]                  )

## OPINION AND ORDER

Before the Court is Defendants' motion to dismiss.[2]  Defendants first argue that all of Plaintiff's claims should be dismissed because they were served with the summons one week late.  The Court rejects this argument, finding Plaintiff complied with the Court's prior order and, regardless, it would be a proper exercise of the Court's discretion to extend the deadline for service.  Second, the City of Bartlesville argues that Plaintiff's pre-suit notice was too late under the state tort claims act, depriving this Court of subject-matter jurisdiction.  Plaintiff concedes he cannot dispute the timeliness of the pre-suit notice, and his state-law claims against the City are dismissed without prejudice.  The motion will be granted in part and denied in part.

---

[1] There is no need to continue numbering parties in the caption.  This is required only in "the initiating document."  LCvR 3-1(d).

[2] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).  (Dkt. No. 23.)

## Procedural Background

This case arises out of the death of Ricky Wayne Franks ("Franks") on July 5, 2023, after he was shot by Defendant Officer Braxton Bowers ("Bowers") of the Bartlesville Police Department.  (Dkt. No. 2 ¶¶ 3, 9–49.)  Defendant City of Bartlesville (the "City") provides for the police department and employs Bowers.  (*Id.* ¶ 2.)

Plaintiff's predecessor[3] filed this lawsuit on April 1, 2025, asserting three claims against Defendants:   (1) a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment; (2) negligence under state law; and (3) excessive use of force in violation of the Oklahoma Constitution.  (*Id.* ¶¶ 87–117.)

On July 17, 2025, the undersigned issued an order noting that, pursuant to Fed. R. Civ. P. 4(m), Plaintiff's deadline to serve the defendants expired at the end of June.  (Dkt. No. 11.)  Consequently, the Court ordered that, by July 24, 2025, Plaintiff must either (1) file returns of service for Defendants or (2) show good cause for failure to serve.  (*Id.*) The order warned that, if Plaintiff did not comply with the order, his claims could be dismissed.  (*Id.*)  Plaintiff immediately filed returns of service, showing that Bowers and the City had been served 10 days earlier, on July 7, 2025.  (Dkt. Nos. 12–13.)  On July 23, 2025, Plaintiff also filed a response to the Court's order, noting he had filed the returns as requested.  (Dkt. No. 15.)

Defendants have now filed a motion to dismiss, arguing (1) all of Plaintiff's claims should be dismissed for failure to serve process within 90 days (Dkt. No. 19 at 3–4[4]); and (2) Plaintiff's state-law claims against the City should be dismissed for failure to provide

---

[3] After Franks' estate was probated, the Court granted a motion to substitute as Plaintiff Grant A. Carpenter, special administrator of the estate.  (Dkt. No. 10.)

[4] Page numbers refer to those in the court-provided header.

timely pre-suit notice as required by the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, §§ 151–171 (*id.* at 4–5).[5] As the second argument impacts the Court's jurisdiction, the undersigned will consider it first.

**Analysis**

**I.    Subject-Matter Jurisdiction and the OGTCA**

**A.    The OGTCA—Generally**

The State of Oklahoma asserts sovereign immunity from any tort claims[6] brought against it, its political subdivisions, and any employees acting within the scope of their employment. Okla. Stat. tit. 51, § 152.1(A). Oklahoma waives that immunity only to the extent provided for by OGTCA. *Id.* § 152.1(B).

To take advantage of the OGTCA's waiver of immunity, a plaintiff must present notice of a claim to the relevant political subdivision within one year of the loss, else the claim be "forever barred." *Id.* § 156(B). This notice "is considered a mandatory prerequisite and jurisdictional requirement" to filing a claim in court.[7] *Crawford v. OSU Med. Tr.*, 2022 OK 25, ¶ 5, 510 P.3d 824, 829.

**B.    Standard of Review—Rule 12(b)(1)**

State sovereign immunity concerns the subject-matter jurisdiction of this Court. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2022). The City's motion to dismiss, therefore, falls under Fed. R. Civ. P. 12(b)(1), with Plaintiff bearing the burden of showing

---

[5] Bowers joins the motion only regarding the service of process argument. (Dkt. No. 19 at 1 n.1.)

[6] This includes claims "arising from common law, statute, the Oklahoma Constitution, or otherwise." Okla. Stat. tit. 51, § 153(B).

[7] In certain situations, a defendant may be estopped from raising the time limitation. *See Watkins v. Cent. State Griffin Mem'l Hosp.*, 2016 OK 71, ¶ 23, 377 P.3d 124, 130–31. Plaintiff does not raise any such allegations.

3

jurisdiction is proper, *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (noting the party asserting jurisdiction bears the burden).

Typically, a Rule 12(b)(1) motion takes one of two forms—(1) a facial attack based on the complaint's allegations or (2) a factual attack based on evidence outside the complaint. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). Here, the City presents a factual attack. As such, the Court does not presume the allegations in the complaint are true but, instead, has wide discretion to consider other evidence. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). The Court, therefore, has considered the exhibits to the City's motion. (Dkt. Nos. 19-1 & 19-2.)

### C.     Plaintiff's Pre-Suit Notice Was Untimely

No party disputes that Plaintiff's loss occurred on July 5, 2023, when Franks died. Similarly, no party disputes that Plaintiff provided pre-suit notice to the City on July 8, 2024, more than one year later. (Dkt. Nos. 19-1 & 19-2; *see also* Dkt. No. 25 at 4 ("Plaintiff . . . reluctantly defers to Defendants' records, which seem to indicate Plaintiff's GTCA Notice was delivered on Monday, July 8 rather than Friday, July 5.") As such, Plaintiff cannot meet his burden to show the Court has subject-matter jurisdiction over his state-law claims against the City. These claims will be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (noting the Tenth Circuit's "long-standing line of cases requiring that a dismissal for lack of jurisdiction be without prejudice").

## II.     Service of a Federal Lawsuit

Both Defendants argue the remainder of this case should be dismissed due to Plaintiff's failure to serve them within 90 days of its filing. The Court finds such dismissal is not appropriate.

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The federal rules set a 90-day period for service of most cases, with an <u>option</u> for the Court to extend that period within its discretion and a <u>requirement</u> that the Court extend that period if Plaintiff shows good cause:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant <u>or</u> order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Here, prior to Defendants' appearance in this case, the Court exercised its authority under Rule 4(m) and, "on its own after notice to the plaintiff," ordered that Plaintiff file a return of service by July 24, 2025, <u>or</u> show good cause for his failure to serve. (Dkt. No. 11.) *See also* Fed. R. Civ. P. 4, advisory ctte.'s note to 1993 am., subdiv. (m) (noting the rule "authorizes the court to relieve a plaintiff of the consequence of an application of this subdivision even if there is no good cause shown").[8] The Court's order demanded a return of service but did not, as Defendants' assert, require that return show service within the original 90-day period. To the extent Defendants' motion is based on their argument that Plaintiff violated the Court's order, the motion is denied.

In an abundance of caution, the Court also treats Defendants' motion as a new motion under Rule 4(m), arguing the case should additionally be dismissed due to the seven-day delay in service. (Dkt. No. 19 at 3–4.) *But see Beauprez v. Bayer Healthcare Pharms., Inc.*, No. CV 14-649 JCH/CG, 2015 WL 11111298, at *2 (D.N.M. Aug. 21, 2015)

---

[8] This was a change from the law prior to 1993, when "former Rule 4(j) allowed the district court to extend the time for service . . . only upon a showing of 'good cause.'" *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

(collecting cases and concluding that, "once service on a defendant has been made," motions under Rule 4(m) "are moot").[9] When considering a Rule 4(m) motion, the Court engages in a two-step inquiry. *Espinoza*, 52 F.3d at 841. First, the Court determines "whether the plaintiff has shown good cause for the failure to timely effect service," in which case "the plaintiff is entitled to a mandatory extension of time." *Id.* If no good cause is shown, "the district court must still consider whether a permissive extension of time may be warranted." *Id.* As no party argues "good cause" in this case, the Court moves to the second step. The Court finds a permissive extension of time is appropriate.

When determining whether to exercise its discretion, a court considers factors such as whether a cause of action's statute of limitations would bar refiling if the case were to be dismissed;[10] whether the defendants were prejudiced by the late service;[11] and whether the plaintiff attempted to effectuate service and was thwarted by the complexity of the

---

[9] As the Court exercises its discretion to allow late service, the undersigned need not decide whether *Beauprez* is persuasive.

[10] *Espinoza*, 52 F.3d at 842 ("the district court should consider the limitations period in deciding whether to exercise its discretion under Rule 4(m)"); *see also* Fed. R. Civ. P. 4, advisory ctte.'s note to 1993 am., subdiv. (m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").

[11] *DatRec, LLC v. AllegianceMD Software, Inc.*, No. 21-CV-543-TCK-JFJ, 2022 WL 2758527, at *2 (N.D. Okla. July 14, 2022) (noting "any delay in effecting service was not inordinate, prejudicial, or intentional"); *Sims v. Knight-Ridder Fin., Inc.*, No. 94-2217-JWL, 1995 WL 88233, at *2 (D. Kan. Feb. 10, 1995) (exercising discretion where defendant "has not indicated that it has suffered any prejudice by plaintiff's delay in service").

case, the number of defendants, or the defendants' evasion.[12]  Courts also consider whether the defendants were ultimately served with the summons.[13]

Here, there is no indication Defendants have been prejudiced by the late service, and they have now been properly served.  Such service was only one week late.  Further, there is a risk that Plaintiff's § 1983 claims would be timed-barred if the Court were to dismiss.  *See Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 690 (10th Cir. 2018) (finding a two-year limitations period for § 1983 claims brought in Oklahoma).  These factors weigh in favor of allowing an extension of time to serve and are not overwhelmed by the other factors.

The Court, therefore, finds it appropriate to exercise its discretion and allow an extension of time to effectuate service.  Defendants' motion to dismiss for late service will be denied.

### Conclusion

IT IS THEREFORE ORDERED that the *Joint Motion to Dismiss of Defendants City of Bartlesville, Oklahoma and Braxton Bowers* (Dkt. No. 19) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's state-law claims against Defendant City of Bartlesville are DISMISSED WITHOUT PREJUDICE.  The motion is otherwise denied.  The following claims remain in this case:  Plaintiff's § 1983 claims against both Defendants (Count I);

---

[12] *Jones v. High Plains HCA, LLC*, No. 2:24-CV-1088 SMD/GBW, 2025 WL 2776980, at *4 (D.N.M. Sept. 26, 2025) (summarizing factors).

[13] *DatRec*, 2022 WL 2758527, at *2 (noting defendant had since been properly served); *NCMIC Ins. Co. v. Brown*, No. 17 CV 1000 JAP/CG, 2018 WL 1508550, at *3 (D.N.M. Mar. 26, 2018) (granting permissive extension of time when defendant would not be prejudiced and had, in fact, been served with the complaint).

Plaintiff's negligence claim against Bowers (Count II); and Plaintiff's Oklahoma constitutional claim against Bowers (Count III).

ORDERED this 16th day of March, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT